UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-139-H

JOHN WARREN NOBLE                                                                PLAINTIFF

v.

GARY HUFFMAN, *et al.*                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendants, Gary Huffman and Michael Smithers, have moved for summary judgment on all Plaintiff's claims arising from his arrest and prosecution. Plaintiff has not responded. Having reviewed the pleadings and for the reasons that follow, the Court will sustain the motion.

I.

On December 30, 2009, Plaintiff "was arrested and charged by Defendants for a homicide that occurred in 1985." On January 7, 2010, Plaintiff was indicted on the charges stemming from that arrest - Murder, Robbery in the First Degree, and Tampering with Physical Evidence. On the same day, the Jefferson Circuit Court issued a warrant for the arrest of Plaintiff. The next day Plaintiff was arraigned on these charges. On January 27, 2011, on motion of the Commonwealth, the case was dismissed without prejudice because a witness for the Commonwealth died, resulting in the Commonwealth having insufficient "evidence to proceed with this case any further at this time." On January 26, 2012, Plaintiff filed this lawsuit alleging violations of his constitutional rights.

II.

In Kentucky, § 1983 actions are limited by the one-year statute of limitations set forth in KRS 413.140(1)(a). *Collard v. Ky. Bd. of Nursing,* 896 F.2d 179, 182 (6th Cir. 1990). The standard rule of when accrual occurs is "when the plaintiff has 'a complete and present cause of action.'" *Wallace v. Kato*, 127 S.Ct. 1091, 1095 (2007)(internal citations omitted). More specifically, the United States Supreme Court has held "that the statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 127 S.Ct. at 1100.

Here, Plaintiff was arrested and subjected to the use of handcuffs on December 30, 2009. Plaintiff was arraigned (*i.e.*,detained pursuant to legal process) on January 8, 2010. Consequently, on December 30, 2009 Plaintiff had a complete and present cause of action for the alleged excessive use of force in violation of the Fourth Amendment. On January 8, 2010, Plaintiff had a complete and present cause of action for the alleged false arrest in violation of the Fourth Amendment. Thus, the statute of limitations ran as to his excessive use of force claim, his false arrest claim on December 30, 2010 and January 8, 2011 respectively. As the Plaintiff did not file this lawsuit until January 26, 2012, his claims of excessive use of force and false arrest in violation of the Fourth Amendment are time barred and must be dismissed.

III.

To establish a claim of malicious prosecution in violation of the Fourth Amendment, the following elements must be met:

> "First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant 'ma[d]e, influence[d], or participate[d] in the decision to prosecute.' …Second, because a §1983 claim is premised on the violation

2

> of a constitutional right, the plaintiff must show that there was
> a lack of probable cause for the criminal prosecution. … Third,
> the plaintiff must show that, 'as a consequence of a legal
> proceeding,' the plaintiff suffered a 'deprivation of liberty,' as
> understood in our Fourth Amendment jurisprudence, apart
> from the initial seizure. … [and] Fourth, the criminal
> proceeding must have been resolved in the plaintiff's favor."

*Sykes v. Anderson* 625 F.3d 294, 308 -309 (6th Cir. 2010).

"To satisfy this element, the underlying proceedings must have been 'dismissed for reasons reflecting on the merits of the case.'" *Evridge v. Rice*, 2011 WL 6014407, 4 (E.D. Ky. 2011) citing to *Davidson v. Castner-Knott Dry Goods Co.*, 202 S.W.3d 597, 605 (Ky. App. 2006). The Court went on to explain

> "'While the fact [the plaintiff] has prevailed [in the underlying action] is an
> ingredient of a favorable termination, such termination must further reflect
> on his innocence of the alleged wrongful conduct. If the termination does
> not relate to the merits—reflecting on neither innocence of nor
> responsibility for the alleged misconduct—the termination is not favorable
> in the sense it would support a subsequent action for malicious
> prosecution.'"

*Id.*, 2011 WL 6014407, 3 (E.D. Ky. 2011) citing to *Farmers Deposit Bank v. Ripato,* 760 S.W.2d 396, 399 (Ky.1988). This same standard has been applied in §1983 malicious prosecution cases. *Evridge*, 2011 WL 6014407 (E.D. Ky. 2011) citing to *Gordon v. Jones*, 2011 WL 847926 (W.D. Ky. 2011).

Here, the order of dismissal did not reflect on the "innocence of nor responsibility for the alleged misconduct." Rather, the case was dismissed due to a witness having died resulting in the Commonwealth having "insufficient evidence to proceed with this case any further at this time." Thus, Plaintiff has failed to establish that the proceedings were terminated in his favor, in a manner necessary to succeed on his claim for malicious prosecution.

III.

Plaintiff has alleged "the torts of false arrest and false imprisonment and malicious prosecution within the meaning of common law" or presumably under Kentucky law.

When a police officer is involved, there is no distinction between the torts of false arrest and imprisonment. *Lexington-Fayette Urban County Government v. Middleton*, 555 S.W.2d 613 (Ky. App., 1977.) Recognizing that "every confinement of a person is an imprisonment, whether it occurs in a prison or a house," the Kentucky Supreme Court referred "to the torts of false imprisonment and false arrest together as false imprisonment." *Dunn v. Felty*, 226 S.W.3d 68, 71 (Ky., 2007.) The limitations period for bringing a claim of false imprisonment is one (1) year in Kentucky pursuant to KRS 413.140(1)(a) and (c). Relying on *Wallace, supra*, the Kentucky Supreme Court held that the statute of limitations begins to run on claims of false imprisonment on the date the individual is held pursuant to legal process. *Dunn*, 226 S.W.3d at 72. Plaintiff was detained pursuant to legal process no later than January 8, 2010. The statute of limitations on his claim of false imprisonment ran on January 8, 2011. Plaintiff's claims for false imprisonment filed January 26, 2012, are, therefore, barred by the statute of limitations.

Under Kentucky law, malicious prosecution has six elements: (1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings; (2) by, or at the instance of the original plaintiff complaint; (3) the termination of such proceedings in the original defendant's favor; (4) malice in the institution of such proceeding; (5) want or lack of probable cause for the proceedings; and (6) the suffering of damage as a result of the proceeding. *Farmers Deposit Bank,* 760 S.W.2d at 399 (Ky. 1988) citing *Raine v. Drasin*, 621 S.W.2d 895 (Ky. 1981).

4

"The burden in a malicious prosecution action is on the plaintiff to prove lack of probable cause, and probable cause issue is a question for the court to decide." *Collins v. Williams*, 10 S.W. 3d 493, 496 (Ky. App. 1999) citing to *Prewitt v. Sexton*, 777 S.W.2d 891, 894-95 (Ky. 1989). Probable cause was established when the Grand Jury returned the indictment against the Plaintiff on January 7, 2010. "[I]t has long been settled that 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer.'" *Higgason,* 288 F.3d at 877. As the Kentucky Court of Appeals noted in *Braoddus v. Campbell*, 911 S.W. 2d 281, 283 (Ky. App. 1995), "[w]e believe it axiomatic that where there is a specific finding of probable cause in the underlying criminal action, a malicious prosecution action cannot be maintained." In addition, as previously discussed, Plaintiff cannot show that the proceedings terminated in his favor.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion is SUSTAINED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

This is a final order.

cc:     Counsel of Record